**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gonzalez,<br><br>    Plaintiff,<br><br>v.<br><br>Raul Sanchez, et al.,<br><br>    Defendants. | No. CV-25-01737-PHX-ROS<br><br>**ORDER** |

Plaintiff Robert Gonzales works as a Correctional officer with the Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR") at the Yuma State Prison Complex in San Luis, Arizona. (Doc. 18 at 2). Defendants Sanchez and Bonilla are police officers employed by ADCRR and Defendants Bonillas and Hau are employed in the ADCRR Special Services Unit ("SSU"). Plaintiff alleges Defendants, acting under color of state law, violated his constitutional rights when they detained him and conducted searches of his vehicle and home; Plaintiff brings claims under 42 U.S.C. § 1983. Defendants seek dismissal of all claims as alleged in the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 19, "Motion").

**I.     Background**

As alleged in the FAC, on April 7, 2025, just before 6 a.m., Plaintiff arrived at work at the Yuma State Prison Complex in San Luis. Before he went through the metal detector

---

[1] Defendants also cite Rule 12(b)(1), which provides for dismissal of a complaint for lack of subject matter jurisdiction. Defendants fail to address this in any way, leading the Court to conclude that its inclusion in the Motion was an oversight.

to enter the prison, Defendants Sanchez and Bonilla, ADCRR criminal investigators, seized and handcuffed Plaintiff and informed him they had a warrant for his phone, his vehicle, and his home. The warrant was obtained two days earlier based upon an affidavit Defendant Sanchez completed stating that he had heard from inmates that Plaintiff was involved in money laundering and the transportation of drugs and contraband into the prison. The warrant application stated that Plaintiff worked in the prison, and Plaintiff's girlfriend, Jenesis Murillo, was his emergency contact and the emergency contact of her brother, an inmate at the prison where Plaintiff worked. Plaintiff alleges that Defendant Sanchez "falsely represented" he had observed Jenesis and her brother "utilizing codes discussing large amounts of monetary transactions and business pertaining to the introduction of narcotics." (Doc. 18 ¶28).

After seizing Plaintiff's phone and searching the vehicle, Defendants Sanchez and Bonilla instructed Defendants Bonillas and Hau to take custody of plaintiff. Defendants Bonillas and Hau placed Plaintiff in the back of an ADCRR vehicle and drove him to a Carl's Jr. parking lot, where they kept him detained while Defendants Sanchez and Bonilla searched the addresses listed on the warrant. The addresses were for Plaintiff and his girlfriend's parents' homes, and Plaintiff informed Defendants that he and Jenesis resided at an entirely different address

**II.     Failure to Meet and Confer**

Defendant's Motion (Doc. 19) and Plaintiff's Response (Doc. 21) establish the undisputed facts surrounding the filing of the Motion to Dismiss. After 5:00p.m. on August 12, 2025, Defendants sent an email to Plaintiff's Counsel "asking to confer on a proposed motion to dismiss," (Doc. 21), On August 12, 2025, Defendants filed this Motion, along with a Good Faith Consultation Certificate that stated:

> "Counsel for Defendants Raul Sanchez, Jesus Bonilla, Oscar Bonillas, and Eric Hau, ("State Defendants"), pursuant to Local rule 12.1(c), certifies that on August 12, 2025, **he conferred** with Plaintiff's counsel, via email, and outlined State Defendants' defenses to Plaintiff's First Amended Complaint. Plaintiff's counsel did not respond to the email. Plaintiff and State Defendants have fundamental differences on the legal issues necessitating the filing of State Defendants'

- 2 -

Motion to Dismiss Plaintiff's First Amended Complaint." (Doc. 20) (emphasis added). Local Rule 12.1(c) provides no motions "pursuant to Federal Rule of Civil Procedure 12(b)(6) …will be considered or decided unless the movant notified the opposing party of the issues asserted in the motion and the **parties were unable to agree** that the pleading was curable in any part by a permissible amendment offered by the pleading party." L.R. 12.1(c) (emphasis added). Rule 12(b)(6) motions that do not comply with this requirement "may be stricken summarily." (*Id.*) Counsel for both parties were additionally made aware of this requirement in the Court's May 22, 2025, Order stating, "preliminary motions aimed at the pleadings are discouraged if the defect can be cured by filing an amended pleading…motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)…must contain a **certification of conferral** indicating the parties have conferred to determine whether an amendment could cure the deficient pleading but have been unable to agree the pleading is curable by a permissible amendment." (Doc. 6) (emphasis added). Motions not in compliance "are subject to be stricken on the Court's motion." (*Id.*).

Plaintiffs argue the Motion should be stricken because "Defendants failed to meet and confer in good faith" and "never gave Plaintiff's counsel a meaningful opportunity to actually meet and confer." (Doc. 21 at 2).

Defendants reply, "Counsel for State Defendants did comply with this Court's May 22, 2025, Order…State Defendants did not know that Plaintiff's counsel would not consult his email before the motion was filed." Defendants further argue "in any event, based on Plaintiff's Response here, it is apparent that Plaintiff would not have dismissed his Amended Complaint or amended it to withdraw any of his claims." Finally, Defendants assert "Plaintiff is suing four law enforcement officers for executing a warrant that was signed by a neutral and detached magistrate on the conclusory plea that the warrant was obtained through deception. Based on the circumstances and the Amended Complaint allegations, a motion to dismiss is warranted."  (Doc. 22).

By Defendants' apparent argument that Plaintiff's Response to the motion renders the requirement moot, Defendants appear to believe that motion practice is an acceptable

substitute for a meet and confer requirement. And implicitly, Defendants appear to argue, citing no authority, that where the undisputed facts are (1) the four defendants are "law enforcement officers, (2) a detached, neutral magistrate signed the warrant, and (3) Plaintiff's allegations of deception are "conclusory," a meet and confer in accordance with Local Rule 12.1(c) is never required. Such an argument is so extraordinary it is not worthy of a response. The Court's docket is not a venue for individual communication between parties.

Defense counsel is reminded the core of the Federal Rules of Civil Procedure is the fundamental rule that the parties do not engage in a needless consumption of time. Federal Rule of Civil Procedure 1 states in part: "These rules govern the procedure in all civil actions . . . to secure the just, speedy and inexpensive determination." This rule was further elucidated in the 2015 Amendments Advisory Notes that "most lawyers cooperate to achieve these ends. But discussions . . . regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure."

The Rules of Practice and Procedure of the District Court of Arizona were created and adopted for the same reasons and goals. *See, e.g., Wine Education Counsel v. Arizona Rangers*, 2020 WL 7352632 ("the District of Arizona has promulgated Local Rule of Civil Procedure 12.1(c) in an effort to promote communication and attempted resolution by opposing counsel prior to parties filing motions to dismiss"); *Puckett v. United States*, 704 F.Supp.3d 998, 1002 (noting the goal of Local Rule 56.1 is to "simplif[y] theprocess" and criticizing Plaintiff's violation of the rule because it "hinders the effective resolution of [the] Motion."). Rule 12.1(c) reads unambiguously that an attorney who proposes to file a motion to dismiss is prohibited from filing it unless and until he or she engages opposing counsel and they were "unable to agree that the pleading was curable." There is no good faith interpretation of this rule that excuses a movant altogether from voice to voice, face to face, email to email, formal or other informal communication with opposing counsel

about the merits of the motion. Further, there is no exception for emergencies, which would clearly be inapplicable here. What is readily apparent is that an after-hours email sent less than twenty-four hours before filing a Motion does not constitute good faith attempt to meet, confer, and resolve potential issues.

Defendants did not substantively comply with Local Rule 12.1(c) or the Court's May 22, 2025, Order. The Court will summarily deny the Motion to Dismiss on this ground. However, as discussed below, the Motion would be denied even if it were not so barred.

### III.   Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," but they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations omitted).

Plaintiff's Amended Complaint alleges civil rights violations under 42 U.S.C. § 1983, judicial deception, and false arrest or imprisonment under state law. Defendant moves to Dismiss these claims "on the grounds that (1) State Defendants' search warrant affidavit is supported by probable cause, (2) the Justice Court issued a valid search warrant, (3) State Defendants had probable cause to detain Plaintiff, and (4) Plaintiff failed to plead facts for a judicial deception claim." (Doc. 19 at 1).

"The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States." *Smith v.*

*Cremins*, 308 F.2d 187, 190 (9th Cir. 1962). Whether Defendants acted under color of state law is not in dispute. Plaintiff alleges defendants investigated for only three days prior to obtaining the warrant, finding no evidence of wrongdoing by Plaintiff, and sought the warrant based on information from unnamed inmate informants and the fact that Plaintiff's girlfriend was the emergency contact for both Plaintiff and her brother. Furthermore, Plaintiff alleges Defendant Sanchez made false representations to support his warrant application. These facts, taken as true, can support the plausible inferences that Defendants obtained a warrant based on judicial deception and detained Plaintiff without probable cause.

Plaintiff alleges despite his informing Defendants of their mistake regarding his address, they kept him handcuffed in the vehicle for six hours while they searched the residences and, only after that, extracted his consent to search his home rather than being forced to remain handcuffed in the vehicle for four more hours. These facts as alleged can support the plausible inference that the circumstances were sufficiently coercive to render Plaintiff's consent to search involuntary. On a Motion to Dismiss, all facts alleged in the Complaint are assumed true and all reasonable inferences at made in Plaintiff's favor.

Defendants do not attempt to show that these facts, if true, would not state a claim for the denial of Plaintiff's constitutional rights but rather offer other facts, whether admissible or not, to support their interpretation of the facts by arguing that the warrant affidavit did not contain false representations, the warrant was supported by probable cause, and the circumstances of Plaintiff's detention and consent to search did not constitute coercion. Defendants argue the merits and are inappropriate at the Motion to Dismiss stage. Plaintiff is not required to prove his claims on a Motion to Dismiss. Assuming the truth of the facts as alleged and viewing them in the light most favorable to Plaintiff, the facts are sufficient to support a plausible claim for relief.

Accordingly,

…

…

**IT IS ORDERED** the Motion to Dismiss (Doc. 19) is **DENIED**.

Dated this 9th day of February, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge