**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gonzalez, | No. CV-25-01737-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Raul Sanchez, et al., | |
| Defendants. | |

Defendants have filed a Motion for Protective Order seeking to quash the subpoena, stay discovery, or otherwise restrict the information sought. For the reasons below, the Motion will be denied.

## I.    BACKGROUND[1]

Plaintiff Robert Gonzales works as a Correctional officer with the Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR") at the Yuma State Prison Complex in San Luis, Arizona. (Doc. 18 at 2). Defendants Sanchez and Bonilla are police officers employed by ADCRR and Defendants Bonillas and Hau are employed in the ADCRR Special Services Unit ("SSU"). Plaintiff alleges Defendants, acting under color of state law, violated his constitutional rights when they detained him and conducted searches of his vehicle and home.

During discovery, Plaintiff served a third-party subpoena on the Arizona Department of Corrections, Rehabilitation, and Reentry seeking, among other categories,

---

[1] The Court has previously recounted the factual background in its Order denying Defendant's Motion to Dismiss, (Doc. 68), and only summarizes the relevant facts here

emails, reports, and other communications related to the investigation of Plaintiff. ADCRR did not respond to the subpoena, either by producing the requested materials or by objecting. Defendants then filed the current Motion.

## II. LEGAL STANDARDS

### a. Protective Orders

Federal Rule of Civil Procedure 26(c) governs protective orders. Under Rule 26(c), "the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986).

### b. Law Enforcement Investigatory Privilege

"The law enforcement investigatory privilege is a qualified common law privilege" intended "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443–44 (S.D. Ind. 2003) "The privilege is exclusive to the government and must be invoked through a formal claim of privilege by a responsible government official . . . after actual personal consideration of the information sought." *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 617 (N.D. Cal. 2020).

"The party asserting the investigatory privilege has the burden to establish its existence." *Valley Surgical Ctr. v. Cnty. of Los Angeles*, CV132265DDPAGRX, 2017 WL

10574239, at *4 (C.D. Cal. Sept. 22, 2017). To do so, there must be "(1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Torres v. Goddard*, CV 06-2482-PHX-SMM, 2010 WL 3023272, at *8 (D. Ariz. July 30, 2010). When a privilege applies, the Court must "quash or modify a subpoena that. . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3).

### III.    DISCUSSION

Defendants seek to block Plaintiff's third-party subpoena and seek a protective order based upon their assertion of the law enforcement investigatory privilege ("LEIP"). Plaintiff argues Defendants are not the proper party to invoke the LEIP and have not met the requirements for invoking it or for a protective order under Rule 26 regardless. Rule 45(d)(3) requires the Court to "quash or modify a subpoena that. . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Defendants' assertion of the LEIP necessarily fails because Defendants are not a proper party to assert the privilege. The LEIP "is exclusive to the government," and is not a personal privilege. *Scalia*, 336 F.R.D. at 617. Individual defendants in a civil case have no standing to assert it. Defendants argue, without any citation to authority, that their status as law enforcement officers entitles them to assert the LEIP to quash the subpoena. This erroneous argument is strikingly similar to Defendants' previous argument that a Motion to Dismiss was warranted—and no conferral with counsel was required—because "Plaintiff is suing four law enforcement officers for executing a warrant that was signed by a neutral and detached magistrate on the conclusory plea that the warrant was obtained through deception," (Doc. 22 at 2). Defendants' status as law enforcement officers does not entitle them to override procedural or substantive legal requirements to achieve their goals.

Although Defendants are precluded from asserting a privilege they do not possess,

the Court will clarify additional ways in which the Motion fails. Defendants present a declaration by Defendant Bonilla, stating his belief that the categories of information sought are privileged. The filings include no detailed privilege log, no list of covered documents, no explanation for why each document is privileged, and no assertion of privilege based upon personal review of each item by the head of any "department with control over the documents." *Torres*, 2010 WL 3023272, at \*8; *see also Moore v. Garnand*, CV1900290TUCRMLAB, 2020 WL 1432838, at \*5 (D. Ariz. Mar. 24, 2020), *clarified on denial of reconsideration*, CV1900290TUCRMLAB, 2020 WL 2308481 (D. Ariz. May 8, 2020) (successful assertion of the law enforcement investigatory privilege was based on affidavits which "describe[d] with specificity and detail the reasons why the law enforcement privilege was asserted for the withheld documents" with "a list of thirteen specific reasons for assertion of the privilege for the withheld documents and link[ing] each document to one or more of the thirteen reasons.")

Defendants summarily contend disclosure of the information sought would compromise the "ongoing criminal investigation" into Plaintiff, (Doc. 33 at 1), but have presented no facts to support this contention.

Defendants state:

> [The LEIP] applies when a plaintiff who is under criminal investigation files a civil rights lawsuit and uses civil discovery to obtain investigative materials that would otherwise be unavailable through criminal discovery procedures.
>
> . . .
>
> The Ninth Circuit has held that federal policy bars persons under criminal investigation from bringing a federal civil action in order to take advantage of the liberal discovery rules in civil litigation to obtain information about the investigation of their suspected criminal activities. . . . Defendants are substantially prejudiced because Plaintiff knew of the criminal investigation before initiating this lawsuit and the Subpoena discovery sought appears targeted at learning about that investigation and getting discovery not attainable in the likely criminal prosecution.

(Doc. 33 at 3-4).

Defendants appear to argue because Plaintiff was aware he was being investigated,

- 4 -

the Court should conclude Plaintiff brought this action in an attempt to thwart a potential criminal investigation by obtaining information unavailable through criminal discovery. Defendants cite case law saying, "The most persuasive cases in which a court has prohibited . . . discovery in a related civil action have involved a criminal defendant who initiated the civil action after learning that a criminal action had been or would be commenced." *U.S. v. Percuoco*, 109 F.R.D. 565, 567 (D. Mass. 1986).

Defendants contend this is such a case, but no facts suggest such a conclusion. The events from which this action arises occurred in April 2025. Plaintiff filed this action only weeks later. No criminal charges had then been filed, nor have they been filed in the 15 intervening months. Indeed, Plaintiff reports and Defendants do not dispute that the Yuma County Attorney has rejected the case twice, offering after the second submittal to file charges if Defendants could produce some evidence of a crime. (Doc. 37 at 3).

Defendants suggest Plaintiff's mere awareness of some form of investigation prior to filing a suit for alleged violations of his civil rights committed in the course of that investigation is sufficient to establish the suit was filed to "take advantage of liberal discovery rules in civil litigation to obtain information about the investigation of [his] suspected criminal activities." (Doc. 33 at 4). But if so, it is unclear when any plaintiff could possibly file a suit for alleged civil rights violations by law enforcement and be permitted to obtain the discovery potentially necessary to prove their claims.

Defendants also inexplicably argue disclosure of the investigatory materials sought "could unfairly undermine their defense interests in this case," (Doc. 39 at 2), but offer no authority for the suggestion that a defendant's defense interests entitle them to claim the law enforcement investigatory privilege. The LEIP is a governmental privilege that, by definition, is used to safeguard law enforcement interests. Individual civil defendants cannot assert it to protect their personal defense interests. Furthermore, the argument impliedly admits the materials sought would be detrimental to Defendants' defense, yet Defendants offer no justification for the assertion of unfairness.

The Court is not obligated to be infinitely patient with repeated baseless arguments

and unsupported assertions. If Defendants persist in filing baseless motions unsupported by law or fact, the Court will be inclined to issue an order to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11. Because Defendants cannot assert the law enforcement investigatory privilege, and because they do not meet the requirements for the LEIP or any other form of relief sought, the Motion will be denied.

Accordingly,

**IT IS ORDERED** the Motion for Protective Order (Doc. 33) is **DENIED WITH PREJUDICE**.

Dated this 30th day of June, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 6 -